IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEENAN LAMAR CLOUD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:17-cv-2716-C-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Keenan Lamar Cloud, at the time a Texas prisoner, filed a *pro se* application for habeas relief under 28 U.S.C. § 2254 [Dkt. No. 3], collaterally attacking his Dallas County conviction for aggravated robbery, for which he was sentenced to five years of imprisonment, *see State v. Cloud*, No. F14-20424-N (195th Jud. Dist. Ct., Dallas Cnty., Tex. Nov. 29, 2016) [Dkt. No. 12-1].

Cloud did not file a direct appeal. And the Texas Court of Criminal Appeals (the "CCA") denied his state habeas petition without written order. *See Ex parte Cloud*, WR-57,888-02 (Tex. Crim. App. May 17, 2017) [Dkt. No. 12-2 at 2].

Cloud's federal habeas action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings. As ordered, *see* Dkt. No. 6, the State responded to the habeas application, *see* Dkt. Nos. 11 & 12. And Cloud replied. *See* Dkt. No. 14, 15, & 19. The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should

deny federal habeas relief.

## Legal Standards

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted).

Under AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Adekeye*, 938 F.3d at 682 ("Once state remedies are exhausted, AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); *see also Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam) (describing Section 2244(d) as "impos[ing] two significant restrictions on federal review of a habeas claim ... 'adjudicated on the merits in state court

proceedings'").

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by AEDPA" under "28 U.S.C. § 2254(d)").

And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly

established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 970 F.3d 566, 573 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* at 573-74 (quoting *Taylor*, 569 U.S. at 380-82; citations omitted).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its

ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long

as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on an unreasonable factual determination. … In other words, even if the [state court] had gotten [the disputed] factual determination right, its conclusion wouldn't have changed." *Will*, 970 F.3d at 575.

Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the

state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

**Analysis**

In the state habeas proceeding, Cloud raised two grounds for relief – that the police committed misconduct during their investigation of the offense and that his arrest for aggravated robbery was unlawful; and that the judge committed misconduct by appointing a prosecutor to represent him, which created a conflict of interest. *See* Dkt. No. 13-12 at 10-13. The state trial court entered findings of fact and conclusions of law in which it found that Cloud "forfeited his claims of police misconduct and unlawful arrest for failing to raise them on direct appeal," *id.* at 33 (citing *Ex parte Boyd*, 58 S.W.3d 134, 136 (Tex. Crim. App. 2001); *Ex parte Bagley*, 509 S.W.2d 332, 334 (Tex. Crim. App. 1974)), and that Cloud "failed to allege sufficient facts, which if true, would show that the trial court or prosecutor committed misconduct," *id.* (citing *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985)). The CCA then denied the state habeas application without written order. *See* Dkt. No. 12-2 at 2.

Thus, these two grounds are the only ones that Cloud raised prior to filing his federal habeas application, which seems to include them plus others. *See* Dkt. No. 3 at 6-7 (setting out four grounds for relief: (1) "Judicial Misconduct! Trial Judge Allowed Prosecutors to Prosecute Allege Case Upon Uncertainty"; (2) "First Attorney

Failed to Fight For Acquittal Upon Grounds of Uncertainty He was trying to make a Deal!"; (3) "Judicial Misconduct 2nd Judge Conviction Obtained Under False Pretense!"; and (4) "Prosecutor Misconduct Conviction obtained unlawfully").

"Under the doctrine of procedural default, [this Court] is precluded from reviewing" the first habeas ground that Cloud raised in state court, a ground "'that the state court denied based on an adequate and independent state procedural rule.'" *Murphy v. Davis*, 737 F. App'x 693, 702 (5th Cir. 2018) (per curiam) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)); *see id.* (citing *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996), *clarified on reh'g* (Feb. 4, 1998), "which bars consideration of claims that could have been but were not raised on direct appeal" and "is 'an adequate state ground capable of barring federal habeas review'" (quoting *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005) (quoting, in turn, *Busby*, 359 F.3d at 719))).

And Cloud fails to excuse this default by showing either that "cause for the default and actual prejudice exist" or that "failure to consider his claim will result in a miscarriage of justice." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

As to the second habeas ground that Cloud raised in state court, he has not shown that the state court adjudication of this ground amounts to either an unreasonable application of established federal law or an unreasonable determination of the facts and has therefore failed to carry his burden under AEDPA. *Cf. Thompson v. Davis*, 916 F.3d 444, 454 (5th Cir. 2019) ("Given the deferential AEDPA review standards, jurists of reason would not debate the state court's denial

of relief in light of the lack of factual support for this contention.").

Turning to the grounds that Cloud makes in his federal habeas application that were not raised in the state habeas proceeding (if any), the factual and legal basis for these grounds were not "fairly presented to the" CCA, as the highest available state court, for review, which means that Cloud has failed to properly exhaust state court remedies as to them. *Campbell v. Dretke*, 117 F. App'x 946, 957 (5th Cir. 2004) ("'The exhaustion requirement is satisfied when the substance of the habeas claim has been fairly presented to the highest state court' so that a state court has had a 'fair opportunity to apply controlling legal principles to the facts bearing on the petitioner's constitutional claim.'" (quoting *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004))); *see* 28 U.S.C. § 2254(b)(1)(A).

Unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1.

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. This is a codification of the judicially created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would

have found for the State. *See id.* at 758 n.9. Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001).

An exception to this bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. But these claims are procedurally barred, because Cloud has not shown that the claim would be allowed in a subsequent habeas proceeding in state court under Texas law. Nor has he asserted the "fundamental miscarriage of justice" exception to procedural bar.

The Court should therefore deny the remaining grounds as procedurally barred.

As to the recommended applications of the procedural default doctrine in this case "a federal district court may, in the exercise of its judicial discretion, raise procedural default sua sponte," *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998); the State reserved the right to raise the defense, *see* Dkt. No. 11 at 4, which makes sense given the confusing nature of the pleadings; and the time in which to file objections to these findings, conclusions, and recommendation affords Cloud an opportunity to respond, *see Magouirk*, 144 F.3d at 360 ("Once a federal district court elects to raise procedural default sua sponte, the court should consider whether justice requires that the habeas petitioner be afforded with notice and a reasonable

opportunity to present briefing and argument opposing dismissal. Likewise, the district court should consider whether the state's failure to raise the defense is merely inadvertence or the result of a purposeful decision to forgo the defense.").

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 24, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE